D. John Ashby, ISB No. 7228
Taylor Barton, ISB No. 11259
HAWLEY TROXELL ENNIS & HAWLEY LLP
877 Main Street, Suite 1000
P.O. Box 1617
Boise, ID 83701-1617
Telephone: 208.344.6000
Facsimile: 208.954.5200
Email: jashby@hawleytroxell.com
       tbarton@hawleytroxell.com

Attorneys for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LARRY VINCENT, JR.,<br><br>             Plaintiff,<br><br>vs.<br><br>CHS INC., a Minnesota corporation dba CHS Primeland,<br><br>             Defendant. | Case No. _____<br><br>NOTICE OF REMOVAL |

PLEASE TAKE NOTICE that Defendant CHS, Inc. ("CHS"), by and through its attorneys of record, Hawley Troxell Ennis & Hawley LLP, pursuant to 28 U.S.C. §§ 1331, 1332 1441, and 1446, hereby removes this action, which was filed on February 11, 2022 as Case No. CV35-21-1710 on the docket of the Second Judicial District Court of the State of Idaho, for the County of Nez Perce, to the United States District Court, District of Idaho. As more fully set forth below, this case is properly removable to this Court pursuant to 28 U.S.C. § 1441 because

CHS has satisfied the procedural requirements for removal under 28 U.S.C. § 1446 and this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 and diversity jurisdiction pursuant to 28 U.S.C. § 1332.

## I. PROCEDURAL BACKGROUND

On March 9, 2022 CHS accepted service of Plaintiff Larry Vincent's ("Plaintiff") Amended Complaint and Demand for Jury Trial ("Amended Complaint"), which Amended Complaint was filed with the Second Judicial District of the State of Idaho in and for Nez Perce County on February 11, 2022. As required by 28 U.S.C. § 1446 and Local District Rule 81.1, a copy of the entire state court record and the Register of Actions, which includes the Complaint and Summons, is attached hereto as **Exhibit A**.

In his Amended Complaint, Plaintiff asserts four counts arising from the termination of his employment by CHS. *See* Am. Compl. ¶¶ 31-51. These claims include: age discrimination and retaliation under the federal Age Discrimination in Employment Act ("ADEA") and Idaho Human Rights Act ("IHRA"), breach of contract and breach of the covenant of good faith and fair dealing, and intentional and/or negligent infliction of emotional distress.

## II. FEDERAL QUESTION JURISDICTION

This action is properly removable to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 because it is an action over which the District Courts of the United States have original jurisdiction under 28 U.S.C. §§ 1331 inasmuch as certain claims presented by Plaintiff arise under laws of the United States. Specifically, Plaintiff brings claims under the federal Age Discrimination in Employment Act, 29 U.S.C. §§ 621 through 634. *See* Am. Compl. ¶¶ 31-41. Furthermore, since this Court has jurisdiction over federal claims related to this case or

controversy, it also has supplemental jurisdiction over the state law claims which form part of the same case or controversy under 28 U.S.C. § 1367(a). To the extent the Court does not have original jurisdiction over any of Plaintiff's other purported causes of action, this Court may exercise supplemental jurisdiction over those claims.

### III. DIVERSITY JURISDICTION

In addition to the above, this case is also removable under 28 U.S.C. § 1441(a), because this Court has diversity jurisdiction under 28 U.S.C. § 1332. Under 28 U.S.C. § 1332, diversity jurisdiction exists where "the matter in controversy exceeds the sum or value of $75,000 . . . and is between – (1) citizens of different States[.]" 28 U.S.C. § 1332(a). A corporation is considered a citizen of every state "by which it has been incorporated and of the State . . . where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1).

**A.      Diversity of Citizenship Exists.**

1. Plaintiff alleges she is a resident of Nez Perce County, Idaho. *See* Am. Compl. ¶ 2. Accordingly, Plaintiff is a citizen of Idaho. *See* 28 U.S.C. § 1332(a)

2. Plaintiff further alleges that CHS is a Minnesota corporation. ¶ 3. However, contrary to Plaintiff's allegations, CHS does not maintain a principle place of business in Idaho, and instead has its principal place of business in Minnesota. Accordingly, CHS is a citizen of Minnesota. *See* U.S.C. § 1332 (c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]")

3.  For purposes of removal, this action is between a citizen of Idaho, Plaintiff, and a citizen of Minnesota, CHS. Therefore, pursuant to 28 U.S.C. § 1332(a)(1), this action is between citizens of different states and the diversity of citizenship requirement is met.

**B.  The Amount of Controversy Requirement is Satisfied.**

1.  The amount in controversy requirement of 28 U.S.C. § 1332(a) is satisfied because Plaintiff's alleged damages are in excess of $75,000.

2.  Although CHS reserves the right to object to the damages sought by Plaintiff and disputes that Plaintiff is entitled to recover any damages, Plaintiff has brought four separate causes of action, including age discrimination, retaliation, breach of contract and breach of the covenant of good faith and fair dealing, and intentional/negligent infliction of emotional distress. Additionally, Plaintiff has alleged damages including back pay, front pay, compensatory damages, prejudgment interest, liquidated damages, and attorney fees and costs. In total, the claims and allegations set forth in the Complaint place an amount in controversy that exceeds the sum of $75,000. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 81-82 (2014) ("As specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; the notice need not contain evidentiary submissions." "The amount-in-controversy allegation of a plaintiff invoking federal-court jurisdiction is accepted if made in good faith. Similarly, the amount-in-controversy allegation of a defendant seeking federal-court adjudication should be accepted when not contested by the plaintiff or questioned by the court.").

Accordingly, because complete diversity of citizenship exists and the amount in controversy requirement is met, the requirements of diversity jurisdiction under 28 U.S.C. § 1332 are satisfied, and this action may be removed to this Court under 28 U.S.C. § 1441(a).

### IV. PROCEDURAL REQUIREMENTS

3. **Pleadings.** A copy of "all process, pleadings, and orders served upon" CHS, *see* 28 U.S.C. § 1446(a), are attached hereto as **Exhibit A**.

4. **Timeliness.** Because CHS received a copy of the Amended Complaint and Summons on March 9, 2022, this Notice of Removal is timely under 28 U.S.C. § 1446(b)(1), having been filed within 30 days from that date. Further, this Notice of Removal has been filed less than one year after the commencement of the action. *See* 28 U.S.C. § 1446(c)(1).

5. **Consent.** CHS is the only defendant in this action. Thus, as the only defendant, CHS is the only party required to provide consent to removal as required under 28 U.S.C. § 1446(b)(2) ("[A]ll defendants who have been properly joined and served must join or consent to the removal of the action.").

6. **Notice.** Consistent with the requirements of 28 U.S.C. § 1446(d), CHS will file a Notice of Notice of Removal with the Idaho state court and serve this Notice as well as the Notice of Notice of Removal upon Plaintiff. A true and correct copy of the Notice of Notice of Removal to be filed with the Idaho state court is attached (excluding its Exhibits) as **Exhibit B.**

7. **Forum.** Nez Perce County, Idaho is within the district of the United States District Court for the District of Idaho. Therefore, this "district and division embrac[es] the place where [the Complaint] is pending," and therefore this is the appropriate court for removal. 28 U.S.C. § 1441(a).

8. Pursuant to Local District Rule of Procedure 81.1, a Civil Cover Sheet has been filed concurrently herewith.

WHEREFORE Defendant requests that Case No. CV35-21-1710 on the docket of the Second Judicial District Court of the State of Idaho, for the County of Nez Perce, be removed to the United States District Court, District of Idaho.

DATED THIS 29th day of March, 2022.

HAWLEY TROXELL ENNIS & HAWLEY LLP

By /s/ D. John Ashby
D. John Ashby, ISB No. 7228
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of March, 2022, I electronically filed the foregoing NOTICE OF REMOVAL with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Jonathan D. Hally                              jonhally@idahoconstructionlawyers.com
BLEWETT MUSHLITZ HALLY, LLP