Electronically Filed
10/28/2021 11:19 PM
Second Judicial District, Nez Perce County
Patty Weeks, Clerk of the Court
By: Diane Ash, Deputy Clerk

JONATHAN D. HALLY
BLEWETT MUSHLITZ HALLY, LLP
710 16th Avenue
P.O. Box 1990
Lewiston, ID 83501
Telephone: (208) 413-6678
Facsimile: (208) 413-6682
Idaho State Bar # 4979
jonhally@idahoconstructionlawyers.com

Attorneys for Plaintiff

IN THE DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF NEZ PERCE

LARRY VINCENT, JR, ) Case No. CV35-21-1710
)
Plaintiff, )
) **COMPLAINT AND DEMAND FOR**
vs. ) **JURY TRIAL**
) Gaskill, Jay P.
)
CHS INC., a Minnesota Corporation dba CHS )
Primeland, )
)
Defendant. )
)

COMES NOW the Plaintiff, LARRY VINCENT, JR., and for a cause of action against the Defendant, complains and alleges as follows:

## NATURE OF CASE

1. This is an action for damages arising from CHS Inc's deprivation of Mr. Vincent's rights secured by the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§621-634, the Idaho Human Rights Act ("IHRA"), Idaho Code 67-5901 et seq., and other the laws of the State of Idaho.

**COMPLAINT AND DEMAND
FOR JURY TRIAL**                 1

Blewett Mushlitz Hally, LLP
Attorneys
Lewiston, Idaho 83501

## PARTIES

2. Plaintiff is and at all times relevant has been a resident of Nez Perce County, Idaho.

3. At all times relevant, Defendant CHS Inc., dba CHS Primeland, (hereinafter "CHS") is a Minnesota Corporation registered with the Idaho Secretary of State and is authorized to and does conduct business within the State of Idaho with a principal place of business in Idaho located in Lewiston Idaho.

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to Idaho Code Sections 1-705 and 5-514. This Court has concurrent jurisdiction over violation of the ADEA. Venue is proper in accordance with Idaho Code 5-404.

## CONDITIONS PRECEDENT

5. All conditions precedence to filing this suit have been satisfied. Plaintiff timely filed a charge of discrimination with the Idaho Human Rights Commission ("IHRC") and the Equal Employment Opportunity Employment Commission ("EEOC") and timely initiated this suit upon receipt of the Notice of Right to Sue from IHRC and the EEOC.

## GENERAL ALLEGATIONS

6. Plaintiff is 59 years of age and at all times relevant was older than 40 years of age and was a member of a protected class of workers. Plaintiff was an employee within the meaning of the ADEA, 29 U.S.C. 630(f) and the IHRA, Idaho Code § 67-5902(5)

7. CHS is an employer within the meaning of the ADEA, 29 U.S.C. 630(b) and the IHRA, Idaho Code § 67-5902(6).

COMPLAINT AND DEMAND
FOR JURY TRIAL                     2

Blewett Mushlitz Hally, LLP
Attorneys
Lewiston, Idaho 83501

8. At all times relevant, CHS employs more than 20 employees and, on information and belief, employees more than 10,000 employees.

9. Plaintiff was hired by CHS in 2009 for sales and marketing relate work including but not limited to growing or increasing CHS' energy business related to petroleum products by acquiring new customers and making sales of energy-related products. Immediately prior to his employment with CHS, Plaintiff had worked as a sales manager for eleven years for a business that was a competitor to CHS wherein Plaintiff had gained vast experience and knowledge of the petroleum business.

10. At the time CHS hired Plaintiff, CHS had an existing employment and compensation program referred to as the CES program. CHS had acknowledged that the CES program was designed for younger employees with less years of experience than Plaintiff.

11. During discussions with CHS prior to accepting employment, CHS acknowledged that the CES program was a bad fit and a waste of time for Plaintiff given his experience and Plaintiff noted that he would not accept employment under the CES program as the compensation provisions provided for far less compensation in the form of commissions.

12. As an incentive to gain Plaintiff as an employee, CHS agreed to hire Plaintiff under a compensation arrangement wherein Plaintiff would be paid a base salary plus commissions consisting of 10% of gross profit from sales of new business generated by Plaintiff without any cap on the total commissions earned. CHS expressly agreed that Plaintiff would not have to be employed under the CES program. In reliance on said offer and assurances, Plaintiff quit his long-term employment with the CHS's competitor and accepted employment with CHS and commenced

his employment on April 1, 2009.

13. In March of 2019, CHS hired Butch Schwindt as Energy Manager. Mr. Schwindt was Plaintiff's boss. During the first meeting that Mr. Schwindt had with Plaintiff, Mr. Schwindt specifically asked Plaintiff how long that Plaintiff planned on working. Plaintiff responded that it was his intent to retire with CHS.

14. Subsequent to that initial meeting, Mr. Schwindt started to pressure Plaintiff into switching to the CES program which CHS acknowledged was a compensation program for younger sales employees. Plaintiff continued to express his disagreement with changing to the CES program.

15. Plaintiff met with Mr. Ken Blakeman, the general manager for CHS, and discussed CHS' push to have Plaintiff switch to the CES program wherein Plaintiff asserted the unfairness of the reduction in commission he would be subjected to under that program. Mr. Blakeman assured Plaintiff that if CHS altered the structure of Plaintiff's commissions that Plaintiff's base salary would be increased to offset the loss. Again, CHS through Mr. Blakeman, acknowledged that the CES program was designed for younger employees and was not designed for persons like Plaintiff who, at the time, had more than 20 years of experience in the energy field.

16. On or about July 31, 2019 Mr. Schwindt coordinated a meeting between himself, Plaintiff and Mr. Ben Buchanan who was the Regional CHS Sales Manager. Plaintiff was notified that CHS hired two additional sales persons both of whom were far younger than Plaintiff. Mr. Schwindt and Mr. Buchanan then told Plaintiff that if he wanted to continue working at CHS that he would have to join the CES program and that Plaintiff's commission would go from 10% of gross

profit from sales to 2% of set "margins" which "margins" would be establish by Mr. Schwindt.

17.   At the July 31, 2019 meeting, Plaintiff again objected to CHS converting him to the CES program with the reduction in commissions but said he would agree to join in the CES program if Plaintiff's salary was adjusted to offset the loss in commissions as previously promised. Both Mr. Schwindt and Mr. Buchanan stated they would look into the increased base salary and would get back in touch with Plaintiff.

18.   On September 12, 2019 Mr. Schwindt and Mr. Buchanan again met with Plaintiff to discuss his pay.  Again, Plaintiff addressed the unfairness of his being switched over to the CES program and again raised the issue about the agreement to increase his base salary to compensate for any reduction in rate of commissions. Again, Mr. Schwindt and Mr. Buchanen said they would look into it and get back to him.

19.   Subsequent to Plaintiff's repeated objections to having his employment altered by being placed in the CES program, Defendant CHS began a course of conduct of harassment and retaliation which ultimately concluded with CHS terminating Plaintiff's employment.

20.   On October 3, 2019, without any justification or basis, Mr. Schwindt accused Plaintiff of conspiring with a supplier, CO Energy, on pricing so as to undercut another CHS supplier's prices and, thereby, sabotaging CHS. Plaintiff denied the assertions but Mr. Schwindt informed Plaintiff that he was under investigation.

21.   The investigation ultimately resulted in a finding that the accusations were unfounded. The false accusations and corresponding investigation was perpetrated in retaliation to Plaintiff's complaining about being forced to switch to a compensation program that was generally designed

**COMPLAINT AND DEMAND FOR JURY TRIAL**   5

for younger, less experienced sales force and said investigation was done to harass Plaintiff to either get him to quit his employment or to agree to a reduction in his compensation under the CES program.

22. On or about October 7, 2019 Plaintiff reported the unlawful and retaliatory treatment to the human resource department.

23. In continuing effort to harass Plaintiff for his objections and complaints about the CES program, on October 11, 2019, CHS rejected an expense report submitted by Plaintiff even though substantially similar expense reports had been routinely accepted in the past. The expense report sought reimbursement for certain meals that had previously been reimbursed.

24. On or about November 4, 2019, Plaintiff learned that one of the younger, newly hired sales persons had been contacting Plaintiff's client accounts including a client who Plaintiff brought to CHS when Plaintiff first started his employment. The younger employee, believed to be approximately 40 years of age, was contacting Plaintiff's client base in an effort to take sales away from Plaintiff which, in turn, would reduce Plaintiff's earned commissions.

25. Plaintiff complained about the younger employees conduct. In response, Plaintiff was told that Plaintiff's account was going to be assigned to the younger salesman. Additionally, CHS informed Plaintiff that his territory that he had developed and acquired a significant client base would be shared with the younger salesman. The assignment of any of Plaintiffs accounts to another employee violated CHS's agreement with Plaintiff that his accounts would always remain Plaintiff's accounts during his employment as they were a significant part of his compensation arrangement.

**COMPLAINT AND DEMAND FOR JURY TRIAL**            6

26. Defendant began to treat Plaintiff differently including requiring Plaintiff to submit his sales reports to the other employees but CHS did not require the other, younger sales persons to share their sales reports with Plaintiff.

27. On December 5, 2019, Mr. Schwindt and Mr. Buchanan informed Plaintiff that CHS was taking away his company cell phone computer and did not want Plaintiff to have any contact with CHS customers and then placed plaintiff on administrative leave.

28. On December 13, 2019, CHS terminated Plaintiff's employment. At all times prior to termination, Plaintiff had satisfied the terms of his employment and had always received performance evaluations that he exceeded expectations except one performance evaluation done in October of 2019 in which his performance evaluation listed him as meeting expectations which evaluation was performed by Mr. Buchanan.

29. Defendant did not hire another sales person with similar years of work experience but, instead, on information and belief, was essentially replaced by the younger employee who took over the sales territory that Plaintiff had worked.

30. After CHS terminated Plaintiff, CHS failed to pay Plaintiff the amount of pay he was due and owing.

## COUNT I

*(Violation of the ADEA, 29 U.S.C.§§621 through 634, and the IHRA, Idaho Code §§67-5901 through 67-5912)*

31. Plaintiff re-alleges paragraphs 1 through 30 as though fully set forth.

32. Defendant CHS was aware of Plaintiff's age during his term of employment.

33. Defendant's decisions to reduce Plaintiff's compensation, work conditions and

decision to terminate Plaintiff was motivated by Plaintiff's age, in violation of the ADEA, 29 U.S.C.§§621 through 634, and the IHRA, Idaho Code §§67-5901 through 67-5912.

35. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered general damages, including past loss of income, prejudgment interest, loss of employee benefits, loss of future earnings and emotional damages in an amount to be proven at trial, but which amount exceeds $10,000.00.

## COUNT II

*(Unlawful retaliation in violation of ADEA and IHRA)*

36. Plaintiff re-alleges paragraphs 1 through 35 as though fully set forth.

37. Plaintiff engaged in protected activity when he questioned, complained of and challenged Defendant's wrongful conduct which Plaintiff believed to be based upon his age.

38. As a result of Plaintiffs complaints, Defendant was subjected to adverse employment actions set forth above which includes being investigated based upon false accusations of misconduct, reducing his client base which resulted in a loss of compensation, refusing his expense reports and, ultimately, being terminated.

39. Defendant's proffered reasons for Plaintiffs terminate are a pretext for retaliatory discharge based upon his engaging in protected conduct.

40. Plaintiff's protected activity was a causal factor in Defendants' decisions to take adverse action against him

41. As a direct result of Defendant's retaliatory conduct, Plaintiff has suffered damages including loss of pay and benefits, prejudgment interest loss of future earnings, and

emotional damages in an amount to be proven at trial but which amount exceeds the jurisdiction of the magistrate division.

### COUNT III

*(Breach of Contract and Breach of Covenant of Good Faith and Fair Dealing)*

42. Plaintiff re-alleges paragraphs 1 through 41 as though fully set forth.

43. There existed an implied covenant of good faith and fair dealing in Plaintiff's employment agreement with CHS.

44. Defendant's wrongful conduct set forth above including but not limited to taking away Plaintiff's clients and assigning said clients to another sales person, reducing Plaintiff's compensation, attempting to force Plaintiff into the CES program, making false accusations of misconduct, failing to pay plaintiff the amount due and owing under his agreed upon payment arrangement regarding commissions and terminating plaintiff constitutes a material breach of contract.

45. Defendant's wrongful actions were intentional and said actions impaired a benefit of the contract which was to be enjoyed by Plaintiff and constituted a breach of said Defendant's covenant of good faith and fair dealing.

46. As a direct and proximate result of the Defendant's breach of contract and breach of the covenant of good faith and fair dealing, Plaintiff has suffered damages, including loss of pay and benefits, a loss of future earnings, prejudgment interest and emotional distress damages in an amount in excess of the jurisdictional limits of the Magistrate Division, the exact amount of which will be proven at trial.

COMPLAINT AND DEMAND
FOR JURY TRIAL                 9

Blewett Mushlitz Hally, LLP
Attorneys
Lewiston, Idaho 83501

## COUNT IV

*(Intentional and/or Negligent Infliction of Emotional Distress)*

47. Plaintiff re-alleges paragraphs 1 through 46 as though fully set forth.

48. The Defendant's unlawful actions against Plaintiff were reckless, intentional and or negligent. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer severe and emotional distress as physically manifested by sleeplessness, fatigue and anxiety and stress.

49. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered damages in an amount to be determined at trial.

## ATTORNEY FEES

50. As a result of Defendant's actions, Plaintiff has been required to retain counsel to prosecute this matter and is entitled to an award of reasonable attorney fees and costs in accordance state and federal laws.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. An award of damages including but not limited to back pay, front pay, lost benefits and loss of future earnings;

2. Compensatory damages;

3. Prejudgment interest;

4. For an award of attorney fees and costs; and,

5. For such other and further relief as the Court may deem just.

COMPLAINT AND DEMAND
FOR JURY TRIAL               10

Blewett Mushlitz Hally, LLP
Attorneys
Lewiston, Idaho 83501

DATED this 28th day of October 2021.

BLEWETT MUSHLITZ HALLY, LLP

By_____
Jonathan D. Hally, a member of the firm
Attorneys for Plaintiff.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial of all issues in this cause of action and will not stipulate to a jury of less than twelve.

DATED this 28th day of October 2021.

BLEWETT MUSHLITZ HALLY, LLP

By_____
Jonathan D. Hally, a member of the firm
Attorneys for Plaintiff.

COMPLAINT AND DEMAND
FOR JURY TRIAL                    11

Blewett Mushlitz Hally, LLP
Attorneys
Lewiston, Idaho 83501